David Lopez (DL-6779)
LAW OFFICE OF DAVID LOPEZ
171 Edge of Woods Rd. | P.O. Box 323
Southampton, NY 11969
Tel:    631.287.5520
email:  DavidLopezEsq@aol.com

Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Ave. 2A
New York, NY 10075
Tel:    323-790-4881
email:  MiriamTauberLaw@gmail.com
    *Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DENNIS J. DONOGHUE, | Case No. 26-cv-4820 |
| Plaintiff, | **COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b)** |
| - v. - | |
| ATLASCLEAR HOLDINGS, INC. | |
| Nominal Defendant, | **JURY TRIAL DEMANDED** |
| - and - | |
| ATLAS FINTECH HOLDINGS CORP. | |
| Defendant. | |

**DENNIS J. DONOGHUE**, by David Lopez, Esq., and Miriam Tauber, Esq., his attorneys, complaining of the Defendants, respectfully alleges the following upon information and belief, except as to Paragraph 2, which Plaintiff alleges on personal knowledge:

**JURISDICTION:**

1.     This action arises under the provisions of §16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. §78p(b), and jurisdiction is conferred upon this Court by §27 of the Act, 15 U.S.C. § 78aa.

1

**THE PARTIES:**

2.  Plaintiff is a security owner of AtlasClear Holdings, Inc. ("ATLASCLEAR"), a Delaware corporation with principal offices at 2203 Lois Avenue., Suite 814, Tampa, Florida 33607

3.  At all times relevant the common stock of ATLASCLEAR was registered under §12(b) of the Act, 15 U.S.C. § 78*l*, and its shares were and are traded under the symbol ATCH on the NYSE, a National Securities Exchange located in New York State within this district. The sales identified herein were made on that Exchange.

4.  This action is brought in the right and for the benefit of ATLASCLEAR, which is named as a Nominal Defendant solely to have all necessary parties before the Court.

5.  At all times relevant Atlas Fintech Holdings Corp. ("ATLAS FINTECH") was and is a 10% "beneficial owner" of ATLASCLEAR securities and a statutory "insider" under §16(b).

6.  ATLAS FINTECH has an office or may be found c/o ATLASCLEAR at its offices listed in ¶2, above.

**STATUTORY REQUISITES:**

7.  The violations of §16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act and of related rules and regulations.

8.  Demand for prosecution was made on April 5, 2025, by first-class mail and e-mail. There has been no response received from ATLASCLEAR, and more than 60 days have expired. Further delay in instituting suit would be a futile gesture.

9.  This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. §78p(a) setting

forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission ("SEC").

**FIRST CLAIM FOR RELIEF:**

10.     On August 23, 2024, ATLAS FINTECH was issued 46,471 shares of the common stock of ATLASCLEAR at a reported price of $17.29 per share to satisfy a previous cash advance of $803,000 by ATLAS FINTECH to ATLASCLEAR. The issuance of 46,471 shares constituted a purchase of those shares by ATLAS FINTECH for purpose of §16(b).

11.     On August 23, 2024, ATLAS FINTECH was issued an additional 2,565 shares of ATLASCLEAR common stock as consideration for ATLAS FINTECH's having previously advanced 19,727 shares of ATLASCLEAR common stock to ATLASCLEAR to satisfy ATLASCLEAR's obligations to third party convertible noteholders. The issuance of the additional 2,565 shares to ATLAS FINTECH constituted a purchase of those shares by ATLAS FINTECH for purposes of §16(b). The 2,565 shares were reportedly issued to ATLAS FINTECH at a price of $51.72 per share.

12.     The closing trading price of ATCH common stock on August 23, 2024, was $13.38 per share. There was no explanation given for the higher prices reportedly ascribed to the issuances of shares of ATCH common stock to ATLAS FINTECH on August 23, 2024, as described above, including ATLAS FINTECH's reported acceptance of shares worth approximately $621,782 as repayment of a cash advance in the reported amount of $803,000, as described in ¶10 above. Absent evidence to the contrary, the consideration provided by ATLAS FINTECH in exchange for the shares issued, i.e., the purchase price paid by ATLAS FINTECH for the total of 49,036 shares of ATCH common stock issued, whether as repayment for advances of cash or shares previously made by ATLAS FINTECH to or for the benefit of ATLAS CLEAR or otherwise, is

presumed to be equal to and no greater than the market value of the shares at the time of issuance for purposes of §16(b).

13. On November 18, 2024, ATLAS FINTECH sold a total of 6,250 shares of ATCH common stock at a price of $15.93 per share.

14. On November 19, 2024, ATLAS FINTECH sold a total of 2,083 shares of ATCH common stock at a price of $12.99 per share.

15. On January 22, 2025, ATLAS CLEAR issued a total of 27,282 shares of ATCH common stock to ATLAS FINTECH as consideration and satisfaction for ATLAS FINTECH's previous cash advance to ATLASCLEAR in the amount of $126,667. The 27,282 shares were reportedly issued to ATLAS FINTECH at a price of $4.64 per share. The issuance of the 27,282 shares to ATLAS FINTECH constituted a purchase of those shares by ATLAS FINTECH at the reported price for purposes of §16(b).

16. The purchases and sales described above are matched according to the lowest-price in/highest-price out method prescribed under §16(b). Applying that methodology, Plaintiff estimates that ATLAS FINTECH realized short-swing profits of approximately $87,955. This estimate is preliminary and subject to revision following discovery. All short swing profits realized by ATLAS FINTECH belong to ATLASCLEAR and are recoverable by Plaintiff on its behalf and for its benefit, ATLASCLEAR having declined to do so itself.

**SECOND CLAIM FOR RELIEF:**

17. This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or to the discovery of additional trades during the course of this Action.

4

18.     ATLAS FINTECH, during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of ATLASCLEAR within periods of less than six months of each other while a more than 10% beneficial owner of ATLASCLEAR, including but not limited to the transactions pleaded in the First Claim for Relief, which purchases were at prices lower than the sales.

19.     By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months while an insider of ATLASCLEAR, ATLAS FINTECH realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit of, and are recoverable by Plaintiff on behalf and for the benefit of, ATLASCLEAR

**WHEREFORE**, Plaintiff demands judgment:

a) Requiring ATLAS FINTECH to account for and to pay over to ATLASCLEAR all short-swing profits realized and retained by him in violation of §16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff his costs and disbursements including reasonable attorneys', accountants, and expert witness fees; and;

c) Granting to Plaintiff such other or different and further relief as the Court may deem just and proper.

Dated: Southampton, New York
    June 8, 2026

Yours, etc.

_/s/ Miriam Tauber_____
David Lopez, Esq.  (DL-6779)
Miriam Tauber, Esq. (MT-1979)
*Attorneys for Plaintiff*

5